MAVURKA, The (BEANE v.). See Case No. 1,175.

## Case No. 9,317.

### In re MAWSON.

[2 Ben. 122;[1] 1 N. B. R. 265 (Quarto. 33).]

District Court, S. D. New York. Jan. 24, 1868.

#### BANKRUPTCY—PRACTICE—OBJECTING TO DISCHARGE.

Where an opposing creditor, deeming that it appeared, from the examination of the bankrupt, that he was not entitled to his discharge, desired the opinion of the judge on the point, on a certificate of the register: held, that the question was not one on which the opinion of the court, under section six of the act, could be taken, at that stage of the case.

[Cited in Re Frizelle, Case No. 5,132; Re Graves, 24 Fed. 552.]

[2] [The above named bankrupt [George S. Mawson] filed his petition herein on the 11th day of July, 1867, and a warrant in bank-

ruptcy was issued out of this court and a meeting of the creditors of said bankrupt was ordered for the 19th day of August, 1867, on which day the firm of Arnold, Neusbaum & Nordlinger of Philadelphia, creditors, proved their claim and appeared by their solicitor to oppose the discharge of said bankrupt. Their solicitor afterwards obtained an order for the examination of said bankrupt. Before the return of said order, or the examination of said bankrupt, said Arnold, Neusbaum & Nordlinger withdrew their opposition. Other creditors proved their claims; one of them, Felix L. Bauer, obtained an order from the register for the examination of the bankrupt, and the said bankrupt was sworn and examined before the register on the 23d day of January, 1868.

[Upon said examination the bankrupt testified as follows: "Question by solicitor of opposing creditors: How much do you owe the firm of Arnold, Neusbaum & Nordlinger of Philadelphia? Answer by the bankrupt: I owe Arnold, Neusbaum & Nordlinger of Philadelphia about $2,326.18. Q. Have you called upon that firm, or sent any person to them with reference to their withdrawing their objection to your discharge since your petition was filed? If so, state what you promised them, if anything. A. Yes; I have seen them in consequence of having heard that Mr. Solis, the opposing creditor, had misrepresented the facts of my case to them. I called upon them to disabuse their minds that I was no partner in the house of George King, but was there merely on salary; I made them no promise, directly or indirectly, nor any one for me. Q. Did they not agree to withdraw their opposition if you would pay the expenses they had incurred in your bankruptcy proceeding? A. They stated that they had been to some trifling expense in the matter, and they supposed I would pay that. I said I would have no objections to pay that expense. Q. To whom did you pay that sum? and how much was it? A. To Mr. Jacobs of this city; it was twenty dollars. Q. And they have withdrawn their opposition? A. They had withdrawn it before I paid the money."

[The said Felix L. Bauer, one of the opposing creditors, now claims that the said bankrupt should not be discharged, for the reason that he has in violation of section 29 of the "act to establish a uniform system of bankruptcy throughout the United States," [14 Stat. 531], &c., procured the assent of said creditors, Arnold, Neusbaum & Nordlinger, to his discharge, and has influenced the action of said creditors pending these proceedings by a pecuniary consideration or obligation, and said opposing creditor desires the opinion of the district judge upon the question above stated.

[J. Solis Ritterband,
[Counsel for Opposing Creditors.][2]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]
[2] [From 1 N. B. R. 265 (Quarto. 33).]

[2] [From 1 N. B. R. 265 (Quarto. 33).]

By the Register:

2 [I, John Fitch, the register in the above entitled cause, do certify to the court:

[First. That this is one of the cases provided for in section 6 of the bankrupt act, and that at this stage of the proceedings the creditors had a right to ask the opinion of the district judge as to the matter raised by the testimony of George S. Mawson, the petitioner, as to the effect of the payment of $20 to Mr. Jacobs of New York, for Arnold, Neusbaum & Nordlinger of Philadelphia, as set forth in the said testimony.

[Second. That by the 29th section of the bankrupt act, "or if he or any person in his behalf, has procured the assent of any creditor to the discharge, or influenced the action of any creditor at any stage of the proceedings by any pecuniary consideration or obligation, then no discharge shall be granted."

[Third. The claim of the creditors as proven, namely, Arnold, Neusbaum & Nordlinger, was, as stated by the petitioner, about $2,326.18. The sum paid to Mr. Jacobs was $20, which was the amount of expenses they had incurred in the matter. The sum paid was small; yet small as it was, it may have caused them to cease opposing, or rather they did not oppose the discharge of the bankrupt on the 24th day of January, 1868, the day the order to show cause was returnable; the hearing was adjourned to the 31st of January, 1868.

[Fourth. I feel compelled to certify that from the petitioner's testimony, the action of the creditors was influenced in some degree by the payment of the $20 to Jacobs, and small as it was, it may bring this case within the 29th section of the bankrupt act, although Mr. Jacobs is a lawyer, and it was probably his legal charge that was paid, and none of the $20 ever went to the hands of the creditors, and was not a payment of any part of the creditor's claim.

[Fifth. Upon a thorough examination of the testimony and the law applicable thereunto, I cannot say that the $20 so paid to Mr. Jacobs was any part of it paid to the creditors, and certify to the court, that upon a fair and just construction of the act, I do not think the payment of the $20 to the creditors' lawyer should deprive the petitioner of his discharge, which, as the case now stands, he would otherwise be entitled to. I feel that the courts should give a fair, just, and liberal construction to the act, and not rigidly construe its provisions against the bankrupt, as the whole scope of the act is liberal and not oppressive.] 2

BLATCHFORD, District Judge. I do not think that the question certified, as to whether the bankrupt is or is not entitled to his discharge, is one on which the opposing creditor is at liberty, at this stage of the case, to take the opinion of the district judge, under section six of the act [Act 1867, 14 Stat. 520]. The question is not one which has arisen or can arise in the course of the proceedings before the register, for the reason that, by section four of the act, the register is forbidden to hear any question as to the allowance of an order of discharge. Nor is it a question which has arisen upon the result of any proceedings before the register, because no such question can arise, upon the result of any such proceedings, until the opposing creditor has filed, under general order No. 24, a specification of the grounds of his opposition to a discharge; and, when that is done, the case is then, ipso facto, removed from before the register and taken into court, under section thirty-one of the act, and general order No. 24, and rule 16 of this court.

[For subsequent proceedings in this litigation, see Cases Nos. 9,318–9,320.]